# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**          CIVIL ACTION NO. 16-cv-12146

    v.          DISTRICT JUDGE PAUL D. BORMAN

**STATE OF MICHIGAN AND**      MAGISTRATE JUDGE MONA K. MAJZOUB
**MICHIGAN DEPARTMENT OF**
**CORRECTIONS,**

    **Defendants.**

_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT WITNESS REPORTS AND MODIFY SCHEDULING ORDER [58]

Plaintiff United States of America initiated this employment civil rights action against Defendants State of Michigan and Michigan Department of Corrections (MDOC) on June 13, 2016, asserting claims of discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.* (Docket nos. 1, 6.) This matter is before the Court on Defendants' June 7, 2018 Motion for Enlargement of Time to File Expert Witness Reports and Modify Scheduling Order. (Docket no. 58.) Plaintiff filed a Response to Defendants' Motion on June 11, 2018. (Docket no. 59.) On June 29, 2018, the Motion was referred to the undersigned for consideration. (Docket no. 61.) The Court has reviewed the Motion, dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Defendants move to extend the deadline for the submission of their expert witness reports by 60 days, from June 7, 2018, to August 6, 2018, and to correspondingly extend all other

expert-related deadlines and the dispositive motion deadline as set forth in the March 12, 2018 Scheduling Order (docket no. 53) by 60 days. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Defendants explain that they are unable to meet the current expert witness report deadline due to Defendants' lead counsel's illness, for which she was recently hospitalized and is now on a medical leave of absence. Defendants further explain that they have since transitioned this matter to other attorneys, who are now working diligently to meet all obligations in this matter. Defendants assert that Plaintiff will not be prejudiced by the requested modifications to the Scheduling Order because they are not seeking to amend the May 28, 2019 trial date.

Plaintiff responds that it is sympathetic to the ongoing health issues of Defendants' lead counsel but argues that Defendants have failed to demonstrate good cause for the requested 60-day extension and that such an extension would be prejudicial to Plaintiff. Plaintiff explains that Defendants have had Plaintiff's expert witness disclosures since April 19, 2018, and the Scheduling Order provided Defendants with 49 days thereafter to complete and file their expert witness disclosures, by June 7, 2018. Plaintiff points out that the requested 60-day extension is longer than the original amount of time provided by the Scheduling Order, and, if granted, would give Defendants nearly four months to complete their expert disclosures. Plaintiff asserts that Defendants have not explained why they need such a long extension of time. Plaintiff also asserts that Defendants must have known long before June 6 (Defendants' first communication to Plaintiff regarding an extension) that they would not be able to meet their expert report

deadline, and they have failed to explain why they did not provide Plaintiff with more notice of their need for an extension.  Plaintiff further asserts that it will be prejudiced by the requested extension because it will unduly delay discovery and cause Plaintiff's major deadlines in this matter to occur at times when key team members and Plaintiff's expert are unavailable.  Plaintiff also points out that when first approached by Defendants regarding a 60-day extension, Plaintiff counter-proposed a 32-day extension to Defendants' expert witness deadline and alternative modifications to the other dates in the Scheduling Order; however, Defendants implicitly rejected Plaintiff's proposal by filing the instant Motion.

Having considered the parties' arguments, the Court finds that Defendants' Motion is a little light on good cause.  Nonetheless, at this juncture, and in consideration of the alternative dates proposed by Plaintiff, the Court finds that minimal prejudice will result from a 45-day extension of the Scheduling Order deadlines.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Enlargement of Time to File Expert Witness Reports and Modify Scheduling Order [58] is **GRANTED IN PART**, amending the deadlines in the current Scheduling Order [53] as follows:

- Defendants' Expert Disclosures:  **July 23, 2018**;
- Plaintiff's Rebuttal Expert Disclosures:  **September 10, 2018**;
- Expert Discovery Cutoff:  **September 24, 2018**;
- Motions Challenging Experts and Dispositive Motions:  **December 3, 2018**; and
- All other dates remain as scheduled.

Should the parties' proposed stipulation to stay all deadlines for ninety days be entered, the stay will apply to these dates as well.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 12, 2018          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: July 12, 2018          s/ Leanne Hosking
                              Case Manager