IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:16-cv-12146 |
| ) | Hon. Paul D. Borman |
| STATE OF MICHIGAN AND ) | |
| MICHIGAN DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## JOINT MOTION FOR FINAL ENTRY OF AMENDED PROPOSED INDIVIDUAL AWARDS LISTS

Plaintiff United States of America and Defendants State of Michigan and Michigan Department of Corrections jointly move the Court to enter as final the accompanying Amended Proposed Individual Awards Lists, *see* Ex. A-B, upon consideration of all objections and completion of the Fairness Hearing on Individual Awards on December 3, 2021.

The United States filed its proposed eligibility determinations with the Court on September 1, 2021. *See* ECF Nos. 97-1 & 97-2. Subsequently, eleven additional Claimants submitted Interest-in-Relief Forms seeking to participate in the settlement, four of whom the United States proposes are eligible for monetary

relief.  To date, forty Claimants have objected to the United States' proposed

eligibility determinations.  As required by the Settlement Agreement

("Agreement"), *see* ECF No. 90-1, PageID.2254, entered as final by this Court on

June 3, 2021, *see* ECF No. 96, the Parties submit and respond to these objections.

*See* Ex. C-F.

For the reasons stated in the accompanying Memorandum in Support, the

Parties request that the Court sustain as well-founded the objections of fifteen

Claimants and overrule the objections of the remaining twenty-five Claimants as

not well-founded, pursuant to Paragraph 67 of the Agreement, *see* ECF No. 90-1,

PageID.2254-2255.  The United States has attached Amended Proposed Individual

Awards Lists to incorporate the changes necessitated by sustaining the fifteen

Claimants' objections and to account for four additional eligible Claimants who

submitted Interest-in-Relief Forms after the United States' September 1 filing.  The

Parties request that the Court approve and enter the attached Amended Proposed

Individual Awards Lists as final.

Date:  November 23, 2021

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN WOODARD
Chief, Employment Litigation Section
Civil Rights Division
U.S. Department of Justice

CLARE GELLER (NY Reg. No.
4087037)

_/s/ Jennifer M. Swedish_
TARYN WILGUS NULL (DC Bar
No. 985724)
NADIA E. SAID (DC Bar No.
1016598)
JENNIFER M. SWEDISH (DC Bar
No. 977746)
Senior Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street NE / Room 9.1134
Washington, D.C.  20530
Tel:  202-305-4069
Fax:  202-514-1105
Email: Jennifer.Swedish@usdoj.gov

SAIMA S. MOHSIN
Acting United States Attorney
Eastern District of Michigan

_/s/ with consent of Susan K. DeClercq_
SUSAN K. DeCLERCQ (P60545)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Tel: 313-226-9149
Email: Susan.DeClercq@usdoj.gov

_Counsel for Plaintiff_

_/s/ with consent of Jeanmarie Miller_
JEANMARIE MILLER (P44446)
SCOTT A. MERTENS (P60069)
BRYAN W. BEACH (P69681)
Assistant Attorneys General
Michigan Department of Attorney
    General
Civil Litigation, Employment &
Elections
P.O. Box 30736
Lansing, Michigan 48909
Tel: 517-335-7659
Fax:  517-335-7640
Email: MillerJ51@michigan.gov

_Counsel for Defendants_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
UNITED STATES OF AMERICA,                )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )     Civil No. 2:16-cv-12146
                                         )     Hon. Paul D. Borman
STATE OF MICHIGAN AND                    )
MICHIGAN DEPARTMENT                      )
OF CORRECTIONS,                          )
                                         )
          Defendants.                    )
                                         )
_____)

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF
AMENDED PROPOSED INDIVIDUAL AWARDS LISTS
AND RESPONSE TO OBJECTIONS**

**ISSUE PRESENTED**

Should the Court enter the Amended Proposed Individual Awards Lists as final, thereby sustaining as well-founded the objections of fifteen Claimants[1] to their proposed eligibility determinations and overruling as not-well-founded the remaining twenty-five Claimants' objections?

Answer:  Yes.

**MOST CONTROLLING AUTHORITY**

Settlement Agreement, ¶ 67, ECF No. 90-1, PageID.2254-2255

---

[1] The Parties use the term "Claimant" to identify any individual who submitted an Interest-in-Relief Form.

i

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................1

II.    BACKGROUND ..................................................................................2

III.   SUMMARY OF OBJECTIONS .........................................................5

IV.   STANDARD OF REVIEW ................................................................8

V.    ARGUMENT ....................................................................................12

    A.   **Response to Objections from Previously Ineligible Claimants Who Establish that They Are Eligible for Monetary Relief (Exhibit E: Category 1)** ................................................................12

      1.   Claimants Whose Objections Establish that They Did, In Fact, Want to Transfer (Exhibit E: Category 1a) ...........................................13

      2.   Claimants Whose Objections Establish that They Were, In Fact, Deterred by the Transfer Freeze from Requesting to Transfer (Exhibit E: Category 1b) ..............................................................................13

      3.   Claimant Whose Objection Establishes that She Was, In Fact, Eligible to Transfer During her WHV Tenure (Exhibit E: Category 1c) .................14

    B.   **Response to Objections from Ineligible Claimants Who Fail to Establish that They Are Eligible for Relief (Exhibit E: Category 2)** .15

      1.   Claimants Whose Objections Fail to Establish that They Are Eligible for Monetary Relief (Exhibit E: Category 2a) ...............................................15

      2.   Claimant Whose Objection Fails to Establish that She Is Eligible for Priority Transfer Consideration (Exhibit E: Category 2b) .......................17

    C.   **Response to Objections from Eligible Claimants Who Fail to Establish that Their Monetary Relief Awards Do Not Comply with the Method for Determining Monetary Relief Awards (Exhibit E: Category 3)** ..17

      1.   Claimants Who Object that Their Monetary Relief Awards Are Too Small (Exhibit E: Category 3a) ................................................................17

      2.   Claimants Who Object that the Dates of Tenure Used to Calculate Their Monetary Relief Awards Are Incorrect (Exhibit E: Category 3b) ...........18

    D.   **Response to Objections to the Terms of the Agreement (Exhibit E: Category 4)** ...........................................................19

1.  Claimants Who Object that Their Monetary Relief Awards Do Not Compensate them for the Harm They Experienced (Exhibit E: Category 4a) ....................................................................................................19

2.  Claimant Who Objects to Not Receiving a Service Award (Exhibit E: Category 4b) ........................................................................20

3.  Claimant Who Objects that Claimants Who Never Requested to Transfer Are Receiving More Monetary Relief Than She Is (Exhibit E: Category 4c) ....................................................................................................22

4.  Claimant Who Objects that Eligibility for Priority Transfer Consideration Does Not Guarantee Her a Priority Transfer (Exhibit E: Category 4d)...23

E.  **Response to Blank Objections (Exhibit E: Category 5)**........................24

VI.   **CONCLUSION** ........................................................................24

# <u>TABLE OF AUTHORITIES</u>

Settlement Agreement, ECF No. 90-1:

     ¶ 5, PageID.2230

     ¶ 12, PageID.2231

     ¶ 21, PageID.2233

     ¶ 22, PageID.2233

     ¶ 44, PageID.2245-2246

     ¶ 45, PageID.2246

     ¶ 61, PageID.2252-2253

     ¶ 63, PageID.2253

     ¶ 64, PageID.2253

     ¶ 65, PageID.2253-2254

     ¶ 66, PageID.2254

     ¶ 67, PageID.2254-2255

     ¶ 72, PageID.2256

     ¶¶ 85-89, PageID.2261-2263

     Attachment C, Interest-in-Relief Form, PageID.2286-2292

# EXHIBIT LIST

| | |
|---|---|
| Exhibit A: | Amended Proposed Monetary Awards List |
| Exhibit B: | Proposed Priority Transfer Claimant List |
| Exhibit C: | List of Claimants Who Submitted Objections |
| Exhibit D: | Objection Forms and Supporting Documents Submitted by Claimants (Exhibits D-1–D-39) |
| Exhibit E: | Categories of Objections |
| Category 1: | Previously Ineligible Claimants Whose Objections Establish that They Meet Requirements for Eligibility for Monetary Relief |
| Category 2: | Ineligible Claimants Whose Objections Fail to Establish that They Meet Eligibility Requirements |
| Category 3: | Eligible Claimants Whose Objections Fail to Establish that Their Monetary Relief Awards Do Not Comply with the Method for Determining Monetary Relief Awards |
| Category 4: | Objections to the Terms of the Settlement Agreement |
| Category 5: | Blank Objections |
| Exhibit F: | Objectors Who Requested to Appear at Fairness Hearing |
| Exhibit G: | Declaration of Cecily Crawford ("Crawford Decl.") |

## I.    INTRODUCTION

Plaintiff United States of America and Defendants State of Michigan and

Michigan Department of Corrections ("MDOC") (collectively, "Defendants")

submit the following Memorandum in Support of their Joint Motion for Entry of

Amended Proposed Individual Awards Lists and in response to objections

submitted by forty individual Claimants.  For the reasons set forth below, the Court

should sustain as well-founded the objections of fifteen Claimants and overrule the

objections of the remaining twenty-five Claimants.  The Parties respectfully

request that the Court then approve as final[2] the attached Amended Proposed

Individual Awards Lists (Ex. A-B).[3]

---

[2] Under the Settlement Agreement, once the Court approves the lists as final, they
will be referred to as the "Interim Individual Awards Lists."  *See* ECF No. 90-1,
PageID.2254-2255.  Following the Fairness Hearing on Individual Awards, the
United States will provide an *Acceptance of Individual Award and Release of
Claims Form* ("*Acceptance*") to all Claimants appearing on the Interim Individual
Awards Lists.  The United States will subsequently update the lists to include only
those Claimants who complete and return their *Acceptance* forms, at which point
the lists will be referred to as the "Final Individual Awards Lists."  *See id.* at
PageID.2256-2258.

[3] Exhibit B, the Proposed Priority Transfer Claimant List, is identical to the
Proposed Priority Transfer Claimant List filed on September 1, 2021, *see* ECF No.
97-2.  No amendments are required.

## II.    BACKGROUND

On June 3, 2021, following a fairness hearing, the Court entered as final the Settlement Agreement ("Agreement"), *see* ECF No. 90-1.  *See* ECF No. 96.  On September 1, 2021, pursuant to Paragraphs 61 and 63 of the Agreement, the United States moved the Court to schedule a Fairness Hearing on Individual Awards to consider the accompanying Proposed Individual Awards Lists.  *See* ECF Nos. 97, 97-1, 97-2.  The Proposed Monetary Awards List identified all Claimants whom the United States determined to be eligible to share in the monetary settlement, as well as the amount of money the United States determined should be awarded to each Claimant.  *See* ECF No. 97-1.  The Proposed Priority Transfer Claimant List identified all Claimants whom the United States determined to be eligible for consideration for priority transfer.  *See* ECF No. 97-2.  The Court granted the United States' motion and scheduled the Fairness Hearing on Individual Awards for December 3, 2021.  *See* ECF No. 99.

Since September 1, 2021, an additional eleven Claimants have submitted Interest-in-Relief Forms, seeking to participate in the settlement.  *See* Ex. G, Declaration of Cecily Crawford ¶ 10 ("Crawford Decl.").  As set forth in the United States' Memorandum in Support of its Motion to Schedule a Fairness Hearing on Individual Awards, the United States considered as timely all Interest-in-Relief Forms submitted by June 3, 2021, and assessed all subsequently

2

submitted Interest-in-Relief Forms to determine if good cause existed to accept the forms. *See* ECF No. 97, PageID.2582. Similarly, here, the United States assessed the eleven Interest-in-Relief Forms submitted after September 1 and determined that good cause exists to accept the forms submitted by six of the eleven Claimants. *See* Crawford Decl. ¶¶ 11-12. Of the six Claimants with good cause, the United States determined that four are eligible for the monetary relief sought, and Defendants do not object. *See id.* ¶¶ 13-15. These four additional eligible Claimants are included on the Amended Proposed Monetary Awards List. *See id.* ¶ 16.

As required by Paragraphs 64 and 65 of the Agreement, the United States sent written notification of the United States' proposed eligibility determinations to all Claimants, including the eleven with Interest-in-Relief Form submissions after September 1, 2021. *See* ECF No. 90-1, PageID.2253-2254; *see also* Crawford Decl. ¶¶ 17-25. This notification also provided them with an opportunity to object to their determinations. *See id.* ¶¶ 17-26. A Claimant who wished to object to her proposed eligibility determination was instructed to submit an objection form to the United States by an identified deadline, which was typically thirty days after written notification was provided to the Claimant.[4] *See* Crawford Decl. ¶¶ 27-29.

---

[4] Seven Claimants who submitted Interest-in-Relief Forms significantly after September 1 and close in time to this filing were given ten days or fewer to object

3

This process satisfied the requirement for providing notice and a reasonable opportunity to object as set forth in the Agreement. *See* ECF No. 90-1, PageID.2254-2255.

To date, forty Claimants submitted objections to the United States' proposed eligibility determinations. *See id.* ¶¶ 30-33. Thirty-nine Claimants submitted objections on or before their identified objection deadline, while one Claimant submitted her objection after her identified deadline. *See id.* ¶¶ 31-32. However, based on delays the U.S. Postal Service has faced during the COVID pandemic and because the Court has not yet entered the Amended Proposed Individual Awards Lists as final, the United States extended a grace period, considering as timely all objections received before today's filing. *See id.* ¶ 32. Objection forms and supporting documents submitted by the forty Claimants are attached in Exhibit D, with all identifying information redacted, such that each objector is identified only by her Claimant ID number, as required by Paragraph 66 of the Agreement. *See* ECF No. 90-1, PageID.2254; *see also* Crawford Decl. ¶¶ 34-37.[5]

---

in order to comply the Agreement's requirements that today's filing include copies of all objections received, as well as the Parties' responses thereto. *See* Crawford Decl. ¶¶ 28-29.

[5] The United States has redacted the names of non-objectors identified in three objections as potentially identifying the objectors themselves and also to protect these individuals' privacy. *See* Crawford Decl. ¶ 35. The United States has made

Under the Agreement, the Court will determine which objections, if any, are well-founded at or after the Fairness Hearing on Individual Awards.  *See* ECF No. 90-1, PageID.2254-2255.  For the reasons set forth below, the Court should sustain as well-founded the objections of fifteen Claimants and overrule as not well-founded the objections of the remaining twenty-five Claimants.  The Court should then enter as final the attached Amended Proposed Individual Awards Lists, which incorporate the changes necessitated by sustaining the recommended fifteen Claimants' objections and by including relief for four eligible Claimants who submitted their Interest-in-Relief Forms after the United States' September 1 filing.

## III.  SUMMARY OF OBJECTIONS

The forty Claimants listed on Exhibit C objected to their proposed eligibility determinations in the objection forms and supporting documents attached at Exhibit D.  These objections fall within one or more of the following categories, as set forth in Exhibit E:

(1)   Fifteen Claimants object to the United States' ineligibility determinations and establish that they meet the eligibility requirements set forth for monetary relief in Paragraph 44 of the

---

additional redactions to seven Claimants' objections containing medical information and directions to Claimants' homes, pursuant to the Court's Order Granting the United States' Unopposed Motion to Seal Portions of Seven Claimants' Objections, *see* ECF No. 102.  *See* Crawford Decl. ¶ 36.

Agreement, including objections that fall into one or more of the following subcategories:

(a)     Twelve Claimants indicated on their Interest-in-Relief Form that they did not want to transfer, but their objections evince a desire to transfer,

(b)     Two Claimants indicated on their Interest-in-Relief Form that they did not request to transfer and the transfer freeze did not deter their requests, but their objections demonstrate that the transfer freeze did deter them from requesting to transfer, and

(c)     One Claimant objects to the United States' determination that she was ineligible to transfer during her tenure as a Correctional Officer ("CO") at Women's Huron Valley Correctional Facility ("WHV") based on her probationary status and establishes that she was not a probationary employee during her tenure;

(2)     Four Claimants object to the United States' ineligibility determinations but do not establish that they meet the Agreement's eligibility requirements for relief, including objections that fall into one or more of the following subcategories:

(a)     Three Claimants object to the United States' determination that they are ineligible for monetary relief, but their objections fail

6

to either respond to or provide evidence to disprove the reasons

the United States determined them to be ineligible, and

(b)   One Claimant objects to the United States' determination that

she is ineligible for priority transfer but fails to disprove the

reason the United States determined her to be ineligible;

(3)   Five eligible Claimants object to the United States' monetary award

determinations but do not establish that their monetary awards fail to

comply with the method for determining monetary relief awards,

including objections that fall into one or more of the following

subcategories:

(a)   Three Claimants object that their monetary relief awards are too

small, and

(b)   Two Claimants object that the dates of tenure used to calculate

their monetary relief awards are incorrect;

(4)   Seventeen Claimants object to the terms of the Agreement, including

objections that fall into one or more of the following subcategories:

(a)   Sixteen Claimants object that their monetary relief awards do

not compensate them for the harm they experienced,

(b)   One Claimant objects to not receiving a service award,

7

(c)     One Claimant objects that Claimants who never requested to transfer out of WHV are receiving more monetary relief than she is, and

(d)     One Claimant objects that being eligible for priority transfer consideration does not guarantee her a priority transfer out of WHV; and

(5)     Two Claimants submitted blank objections.

As explained below, the Parties recommend that the Court sustain as well-founded the fifteen Claimants' objections discussed in Category 1 above, and that the Court overrule the objections submitted by the remaining twenty-five Claimants.

## IV.   STANDARD OF REVIEW

Under the Agreement, the Court will determine which objections, if any, are well-founded at or after the Fairness Hearing on Individual Awards.  *See* ECF No. 90-1, PageID.2254-2255.  The Court has already approved the Agreement, which sets forth, among other terms, (1) the eligibility criteria for Claimants seeking monetary relief and for Claimants seeking consideration for priority transfer at Paragraphs 44 and 45, as well as (2) the method for determining the amount of monetary relief awards to be awarded to each eligible Claimant at Paragraph 72. *See id.* at PageID.2245-2246, 2256.  *See also* ECF No. 96.

8

The Agreement also specifies the circumstances under which an objection will be considered well-founded:  if a Claimant establishes that "the monetary relief does not correctly comply with the method for determining monetary relief awards set out in Paragraphs 44 and 72 or the proposed Priority Transfer relief does not comply with the standards set out in Paragraph 45."   ECF No. 90-1 at PageID.2254.  Accordingly, the potential universe of well-founded objections is very narrow.

## A.   Eligibility Criteria for Individual Relief

The eligibility criteria for individual relief is set forth in the Court-approved Agreement.  *See* ECF Nos. 90-1 & 96.  Under Paragraph 44, a Claimant is eligible for monetary relief if she satisfies the following factors:  (1) she is female; (2) but for a transfer freeze at WHV, she would have been eligible at any time between 2009 and the entry of the Agreement to transfer from a CO position at WHV to a CO position at another MDOC facility; (3) she experienced one of the following at any time between 2009 and the entry of the Agreement:  (a) submitted transfer requests to transfer from WHV but was not permitted to transfer because of the transfer freeze; or (b) would have submitted transfer requests to transfer from WHV but for the transfer freeze; and (4) she was harmed by the inability to transfer from WHV because of the transfer freeze.  *See* ECF No. 90-1, PageID.2245-2246.

To be eligible for priority transfer consideration, Paragraph 45 provides that a Claimant must satisfy the above criteria and must also be currently assigned to WHV as a CO.  *See id.*, PageID.2246.

The United States determined eligibility for relief based on the information provided by the Claimants on their Interest-in-Relief Forms, as well as employment information provided by Defendants, including dates of employment at WHV and dates of hire by MDOC, *see* Waddell Decl., ECF No. 94-8, PageID.2519.  *See* Crawford Sept. Decl., ECF No. 97-3, PageID.2603.  The Interest-in-Relief Form, including the information it sought from Claimants, was approved by the Court as part of the Agreement.  *See* ECF No. 90-1, PageID.2286-2292; *see also* ECF No. 96.  A Claimant was determined to be eligible for relief if: (1) she indicated on her Interest-in-Relief Form that (a) she wanted to transfer out of WHV; (b) that the transfer freeze impeded her ability to transfer, either after unsuccessfully submitting transfer requests or by deterring her from requesting a transfer; and (c) that she was harmed by the inability to transfer; and (2) if she was eligible to transfer during at least one day of her tenure at WHV.  *See* ECF No. 97-3, PageID.2604.

## B.    Method for Determining Monetary Relief Awards

The method for determining monetary relief awards is also set forth in the Court-approved Agreement.  *See* ECF Nos. 90-1 & 96.  As required by Paragraph

10

72, the United States' proposed distribution of the $750,000 settlement fund first allocates service awards to the twenty-eight Charging Parties, then allocates the remaining amount of the settlement fund among all Claimants eligible for monetary relief, taking into account the duration of time each Claimant was eligible to transfer as a CO while working at WHV.  *See* ECF No. 90-1, PageID.2233, 2256.  To comply with the Agreement, the United States relied on information provided on a Claimant's Interest-in-Relief Form, in combination with her employment information, to determine the number of days within her CO tenure during which she would have been eligible to transfer out of WHV but for the transfer freeze.  *See* ECF No. 97-3, PageID.2604-2605.  A CO was eligible to transfer from one MDOC facility to another if:  she was no longer a probationary employee, that is, she was no longer in her first year of employment with MDOC; she had no discipline on her record for the preceding two years; and she had not voluntarily transferred within the previous twelve months.  *See id.*

The United States determined the amount of monetary relief due to each eligible Claimant by calculating the proportional value of monetary relief per day, multiplied by the number of days she was eligible to transfer out of WHV. Accordingly, those eligible Claimants who were eligible to transfer for the same duration of time will receive the same monetary relief award.

## V.    ARGUMENT

For the reasons discussed below, the Parties recommend that the Court
sustain as well-founded the fifteen Claimants' objections discussed below in
Section V.A (Category 1) and overrule the objections submitted by the remaining
twenty-five Claimants.[6]

### A.    Response to Objections from Previously Ineligible Claimants Who Establish that They Are Eligible for Monetary Relief (Exhibit E: Category 1)

Fifteen Claimants object to the United States' determinations that they are
ineligible for monetary relief and their objections establish that they meet the
eligibility requirements set forth in the Court-approved Agreement for monetary
relief, including objections that fall into one or more of the three subcategories
discussed below.  For the reasons discussed below, each of these objections should
be sustained and each of these Claimants should be determined eligible for
monetary relief.

---

[6] Of the forty Claimants who submitted objections, fourteen requested an
opportunity to state their objections in person at the Fairness Hearing.  For the
Court's convenience, a list of those Claimants is attached as Exhibit F.  The list
also provides an attorney's name if the Claimant is represented by counsel.

1.    Claimants Whose Objections Establish that They Did, In Fact, Want
to Transfer (Exhibit E: Category 1a)

Twelve Claimants object to the United States' determinations that they are

ineligible for monetary relief because they indicated on their Interest-in-Relief

Forms that they did not want to transfer out of WHV.  Their objections establish

that they did want to transfer out of WHV while they were working there,

including such statements as "I marked in error I did not want to leave.  YES I

wanted to leave," *see* Ex. D-6; "I misinterpret[ted] the question, I wanted to

transfer but the reason I did not put in for the transfer was due to the transfer

freeze," *see* Ex. D-31; "I tried to get a transfer to Jackson prison and I was told that

my request would not be reviewed," *see* Ex. D-23; and "I would have transfer[red]

but was told that there was a transfer freeze for females at WHV.  So, I did not put

in my paperwork to transfer, because of the transfer freeze," *see* Ex. D-35 & D-37.

Because these Claimants' objections evince their desire to transfer out of WHV,

the Parties recommend that the Court sustain their objections, such that they will

be eligible for monetary relief.

2.    Claimants Whose Objections Establish that They Were, In Fact,
Deterred by the Transfer Freeze from Requesting to Transfer
(Exhibit E: Category 1b)

Two Claimants object to the United States' determinations that they are

ineligible for monetary relief because they indicated on their Interest-in-Relief

Forms that they did not request to transfer out of WHV and the transfer freeze did

13

not deter them from seeking to transfer.  Their objections establish that they were,

in fact, deterred by the transfer freeze from requesting to transfer.  One Claimant

stated, "I never officially submitted a transfer request because I was told it was a

waste of time and that no female would be transferred from WHV due to staffing

needs," noting "I was negatively impacted and harmed by the transfer freeze."  *See*

Ex. D-10.  The other Claimant, who submitted an Interest-in-Relief Form on behalf

of his deceased wife, explained that his wife did not want to stay at WHV but that

she "could-not [get] out, so she stayed until she retired."  *See* Ex. D-7.  Because

these Claimants' objections indicate that the transfer freeze deterred them from

requesting to transfer, the Parties recommend that the Court sustain their

objections, such that they will be eligible for monetary relief.

> 3.    Claimant Whose Objection Establishes that She Was, In Fact, Eligible
>        to Transfer During her WHV Tenure (Exhibit E: Category 1c)

One Claimant, Claimant 20000524, objects to the United States'

determination that she was ineligible to transfer because she was a probationary

employee during her tenure at WHV.  The Claimant's objection indicated that the

date of hire used by the United States to identify her as a probationary employee

was actually her re-hire date, such that she was not on probation during her WHV

tenure.  She also attached documentation identifying her as a Corrections Officer in

the E-9, or non-probationary, classification during Fall 2010.  *See* Ex. D-25 at

REDACTED-OBJ-AWARD 00063.  Upon receipt of Claimant 20000524's

objection, Defendants confirmed that she was not on probation and, thus, eligible

to transfer during her WHV tenure.  Accordingly, the Parties recommend that the

Court sustain her objection, such that she will be eligible for monetary relief.

**B.    Response to Objections from Ineligible Claimants Who Fail to Establish that They Are Eligible for Relief (Exhibit E: Category 2)**

Four Claimants object to the United States' determinations that they are

ineligible for relief, but their objections fail to establish that they meet the

eligibility requirements set forth in the Court-approved Agreement, including

objections that fall into one or more of the two subcategories discussed below.  For

the reasons discussed below, each of these objections should be overruled.

1.    <u>Claimants Whose Objections Fail to Establish that They Are Eligible for Monetary Relief (Exhibit E: Category 2a)</u>

Three Claimants object to the United States' determinations that they are

ineligible for monetary relief, but their objections fail to either respond to or

provide evidence to disprove the reasons the United States determined them to be

ineligible.  Claimant 21000776 was determined ineligible for monetary relief

because she was ineligible to transfer during her entire WHV tenure due to her

probationary status and discipline received.  Her objection claimed she was told

that she could transfer and that her discipline would be removed from her file after

an investigation.  *See* Ex. D-40.  Defendants checked their records and confirmed

that Claimant 21000776 was on probation during her entire WHV tenure and that

the discipline she received also rendered her ineligible to transfer.  Accordingly,

her objection should be overruled.

Claimant 20000037 was determined ineligible for monetary relief because

she indicated on her Interest-in-Relief Form that she did not want to transfer, that

she did not request to transfer and the transfer freeze did not deter her request, and

that she was not harmed by the inability to transfer.  Her objection provided no

evidence in response to the reasons she was found ineligible; rather, it suggested

that she was objecting to the fact that Defendants separated her from state service

in 2012.  *See* Ex. D-2.  Thus, Claimant 20000037's objection should be overruled.

Claimant 20000615 was determined ineligible for monetary relief because

she was not eligible to transfer at any time during her WHV tenure based on her

disciplinary record.  Claimant 20000615's objection contends that the discipline

she received at WHV was "fraudulent."  *See* Ex. D-28.  The objection process set

forth in the Court-approved Agreement, however, does not offer Claimants an

opportunity to re-litigate discipline imposed during their WHV tenures.  Rather,

the fact that Claimant 20000615 received discipline that rendered her ineligible to

transfer during her entire WHV tenure means that she is ineligible to receive

monetary relief under the Agreement.  Accordingly, Claimant 20000615's

objection should be overruled.

16

2.    Claimant Whose Objection Fails to Establish that She Is Eligible for Priority Transfer Consideration (Exhibit E: Category 2b)

Claimant 20000487 was determined to be ineligible for priority transfer consideration because she is not currently employed as a CO at WHV.  Claimant 20000487's objection simply states her objection to this determination without contending that the United States is incorrect about her employment status.  *See* Ex. D-24.  Because Paragraph 45 of the Court-approved Agreement provides that priority transfer consideration is limited to current WHV COs, *see* ECF No. 90-1, PageID.2246, Claimant 20000487's objection should be overruled.

**C.    Response to Objections from Eligible Claimants Who Fail to Establish that Their Monetary Relief Awards Do Not Comply with the Method for Determining Monetary Relief Awards (Exhibit E: Category 3)**

Five eligible Claimants object to the United States' monetary relief award determinations, but their objections fail to establish that their awards do not comply with the method for determining monetary relief awards set forth in the Court-approved Agreement, including objections that fall into one or more of the two subcategories discussed below.  For the reasons discussed below, each of these objections should be overruled.

1.    Claimants Who Object that Their Monetary Relief Awards Are Too Small (Exhibit E: Category 3a)

Three Claimants object to their award determinations, suggesting that their awards are simply too small.  Claimant 20000487 contends without support that

17

she "is owed an additional total amount," *see* Ex. D-24, while Claimant 20000031 and Claimant 20000655 argue that their awards are not "fair" and "do not feel like justice," *see* Ex. D-1 & D-34.  These objections should be overruled because they do not establish that their monetary relief awards do not comply with the Court-approved method for determining monetary relief awards.

2.   Claimants Who Object that the Dates of Tenure Used to Calculate Their Monetary Relief Awards Are Incorrect (Exhibit E: Category 3b)

Two Claimants object that the WHV tenure dates the United States used to calculate their monetary relief awards are incorrect.  Claimant 20000475's objection contends that she is entitled to recover for the entire time she worked at WHV, rather than just the time she worked as a CO.  *See* Ex. D-22.  However, because the Court-approved Agreement allocates monetary relief based on the duration of time eligible Claimants worked as COs at WHV and were unable to transfer, Claimant 20000475's monetary relief award appropriately excluded the time she held positions other than CO at WHV.  In addition, Claimant 20000629 objects that her recovery should not end when she left WHV, claiming that she is currently in the process of returning to work there.  *See* Ex. D-30.  Even if she does return to work, Claimant 20000629 was simply not eligible to transfer out of WHV during the period of time that she was not working there.  Accordingly, Claimant 20000629's monetary relief award correctly ended her recovery period at her departure from WHV.  Thus, both objections should be overruled.

18

**D.    Response to Objections to the Terms of the Agreement**
**(Exhibit E: Category 4)**

Seventeen Claimants objected to their awards, but their objections are really

to the terms of the Agreement, which have already been approved by the Court.

Accordingly, these objections should also be overruled.

1.    <u>Claimants Who Object that Their Monetary Relief Awards Do Not</u>
<u>Compensate them for the Harm They Experienced</u>
<u>(Exhibit E: Category 4a)</u>

Sixteen Claimants object that their monetary relief awards do not adequately

compensate them for the emotional and physical injuries that they experienced as a

result of not being able to transfer out of WHV.  Their objections reference the

difficult working conditions at the prison, as well as the ensuing impact on their

personal lives from working long hours and commuting far distances, such as loss

of time with family.  Several Claimants also objected that their awards are

insufficient to compensate them for gas and the wear and tear on their vehicles

caused by lengthy commutes.[7]

---

[7] Claimant 20000636, a Charging Party, also incorrectly suggests that her monetary
relief award should compensate her for "provid[ing] documents throughout this 12-
year period."  *See* Ex. D-32.  As a Charging Party, Claimant 20000636 is entitled
to both a monetary relief award and a service award.  The service award, not the
monetary relief award, is intended to reflect the Charging Party's particular
assistance in the litigation of this case, such as providing documents to the United
States.

Although a Claimant must have been harmed by the inability to transfer in order to be eligible for monetary relief, the method for determining eligible Claimants' monetary relief awards, as set forth in the Agreement and approved by this Court, does not include an assessment of the extent of individual harm experienced by each Claimant.  *See* ECF No. 90-1, PageID.2245-2246 & 2256. Under Paragraph 72 of the Agreement, monetary relief is allocated based on the time each eligible Claimant spent working as a CO at WHV during which she was unable to transfer.  *See id.* at PageID.2256. Because these objections contend that the method for calculating monetary relief should vary from what the Court already approved in the Agreement, they should be overruled as not well-founded.[8]

### 2.   Claimant Who Objects to Not Receiving a Service Award (Exhibit E: Category 4b)

Claimant 20000066 objects to not receiving a service award in addition to her monetary relief award, attaching documentation to show that she previously filed a charge of employment discrimination with the EEOC.  *See* Ex. D-4.  The Court-approved Agreement identifies twenty-eight Charging Parties who are entitled to service awards because they filed the EEOC charges underlying the

---

[8]  Furthermore, the Court previously considered and rejected similar objections to the terms of the Agreement.  Prior to approving the Agreement, the Court overruled objections that the total amount of monetary relief did not sufficiently compensate COs for the harm they suffered.  *See* ECF No. 96, PageID.2564-2566.

United States' lawsuit and because they provided the United States with other

assistance during the litigation.  *See* ECF No. 90-1, PageID.2230, 2233.  The

United States' lawsuit was based on EEOC charges filed by these twenty-eight

Charging Parties after the EEOC found cause to believe that Title VII was violated

and their charges were referred to the U.S. Department of Justice.  *See* ECF No. 6,

PageID.0030-0032  Although Claimant 20000066 also filed an EEOC charge

against MDOC, her charge was not among the twenty-eight charges referred by the

EEOC.[9]  Because Claimant 20000066's charge was not among the group

underlying the United States' lawsuit and she did not assist the United States

during the course of the litigation, she is not listed in the Agreement as one of the

Charging Parties entitled to service awards.  Moreover, prior to the Fairness

Hearing on the Terms of the Settlement Agreement, Claimant 20000066 had the

opportunity to object to the terms of the Agreement, including her omission as a

Charging Party entitled to a service award, but she did not.  While Claimant

20000066 is eligible to receive a monetary relief award, her objection to not also

receiving a service award should be overruled.

---

[9] In fact, the EEOC informed the United States that Claimant 20000066's charge
was dismissed shortly after filing.  *See* Ex. G, Crawford Decl. ¶¶ 38-40.

21

3.      Claimant Who Objects that Claimants Who Never Requested to
        Transfer Are Receiving More Monetary Relief Than She Is
        (Exhibit E: Category 4c)

Claimant 20000424 objects to the fact that "[s]everal co workers [sic] who

put in to work at WHV and never put in for transfers are receiving a higher sum of

money then [sic] me." *See* Ex. D-20.  The Court-approved Agreement specifies

the eligibility criteria for Claimants seeking monetary relief and the method for

determining the amount of monetary relief to be awarded, both of which render

this objection moot.  First, in order to be eligible for monetary relief under

Paragraph 44 of the Agreement, among other things, a Claimant either must have

unsuccessfully submitted a transfer request seeking to transfer from WHV or

would have submitted a transfer request but was deterred by the transfer freeze

from doing so.  *See* ECF No. 90-1, PageID.2245-2246.  Thus, under the

Agreement, Claimants who "never put in for transfers" may be eligible for relief if

the transfer freeze deterred their transfer requests.  Furthermore, pursuant to

Paragraph 72, monetary relief is allocated among eligible Claimants based on the

length of time they worked as COs at WHV during which they were eligible to

transfer.  *See id.* at PageID.2256.  Because any Claimant who voluntarily

transferred to WHV (who "put in to work at WHV," as Claimant 20000424

described it, *see* Ex. D-20) would have been ineligible to transfer for the

subsequent year, *see* ECF No. 97-3, PageID.2604-2605, Claimant 20000424's

22

objection about other Claimants who sought to work at WHV is similarly already

addressed by the Court-approved Agreement.  Claimant 20000424 previously had

the opportunity to object to the terms of the Agreement, but chose not to.

Although Claimant 20000424 is eligible to receive a monetary relief award, her

objection that other Claimants should not receive awards greater than hers should

be overruled.

> 4.    Claimant Who Objects that Eligibility for Priority Transfer
>        Consideration Does Not Guarantee Her a Priority Transfer
>        (Exhibit E: Category 4d)

Finally, Claimant 20000448 objects that being determined eligible for

priority transfer consideration does not guarantee her a priority transfer out of

WHV.  Under the Agreement, "priority transfer" is "a remedy to a Claimant that

gives the Claimant a priority in *consideration* for transferring from WHV to

another MDOC facility."  ECF No. 90-1, PageID.2231 (emphasis added).  The

Court-approved Agreement does not guarantee any Claimant a priority transfer, but

rather it sets out a process whereby Defendants will evaluate those Claimants

determined to be eligible for priority transfer consideration to ensure they are

qualified to transfer under MDOC's current conditions and it identifies which

Claimants will be awarded priority transfer, if there are more qualified Claimants

than transfer slots available.  *See id.* at PageID.2261-2263.  Claimant 20000448

previously objected to the terms of the Agreement, and the Court overruled her

objection.  *See* ECF No. 96, PageID.2561-2572.  Given that her current objection falls within the substance of the already-entered Agreement, it should similarly be overruled.

### E.   Response to Blank Objections (Exhibit E: Category 5)

Finally, two Claimants submitted objection forms that do not provide any basis for objecting to their eligibility determinations.  The United States is unable to comment on these submissions except to state that they do not provide any basis for denying final entry of the Amended Proposed Individual Awards Lists.

## VI.   CONCLUSION

For the foregoing reasons, the Court should sustain the objections of the fifteen Claimants discussed above in Section V.A (Category 1) and enter as final the attached Amended Proposed Individual Awards Lists.

Date:  November 23, 2021

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN WOODARD
Chief, Employment Litigation Section
Civil Rights Division
U.S. Department of Justice

CLARE GELLER (NY Reg. No.
4087037)

*/s/ Jennifer M. Swedish*
TARYN WILGUS NULL (DC Bar
No. 985724)
NADIA E. SAID (DC Bar No.
1016598)
JENNIFER M. SWEDISH (DC Bar
No. 977746)
Senior Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street NE / Room 9.1134
Washington, D.C.  20530
Tel:  202-305-4069
Fax:  202-514-1105
Email: Jennifer.Swedish@usdoj.gov

SAIMA S. MOHSIN
Acting United States Attorney
Eastern District of Michigan

*/s/ with consent of Susan K. DeClercq*
SUSAN K. DeCLERCQ (P60545)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Tel: 313-226-9149
Email: Susan.DeClercq@usdoj.gov

*Counsel for Plaintiff*

*/s/ with consent of Jeanmarie Miller*
JEANMARIE MILLER (P44446)
SCOTT A. MERTENS (P60069)
BRYAN W. BEACH (P69681)
Assistant Attorneys General
Michigan Department of Attorney
    General
Civil Litigation, Employment &
Elections
P.O. Box 30736
Lansing, Michigan 48909
Tel: 517-335-7659
Fax:  517-335-7640
Email: MillerJ51@michigan.gov

*Counsel for Defendants*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2021, I electronically filed the above

document(s) with the Clerk of Court using the ECF system, which will provide

electronic copies to counsel of record.

*/s/ Jennifer M. Swedish*
JENNIFER M. SWEDISH (DC Bar No. 977746)
Senior Trial Attorney
Attorney for Plaintiff United States of America
