IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:16-cv-12146 |
| ) | Hon. Paul D. Borman |
| STATE OF MICHIGAN AND ) | |
| MICHIGAN DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER
## (1) GRANTING JOINT MOTION FOR FINAL ENTRY OF AMENDED PROPOSED INDIVIDUAL AWARDS LISTS (ECF NO. 103);
## (2) GRANTING JOINT MOTION TO AMEND PARTIES' JOINT MOTION FOR FINAL ENTRY OF AMENDED PROPOSED INDIVIDUAL AWARDS LISTS (ECF NO. 109); AND
## (3) SUSTAINING IN PART AND OVERRULING IN PART CLAIMANTS' OBJECTIONS

Plaintiff United States of America commenced this action against Defendants State of Michigan and Michigan Department of Corrections (collectively, the "Parties"), alleging that the Defendants engaged in two discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. After engaging in extensive formal discovery and lengthy settlement negotiations, the Parties reached a settlement. On June 3, 2021, following a fairness hearing, the Court entered as final the Settlement Agreement at ECF No.

90-1. Now before the Court is the Parties' Joint Motion for Final Entry of Amended Proposed Individual Awards Lists (ECF No. 103, Joint Mot. Final Approv.) and the Parties' Joint Motion to Amend Parties' Joint Motion for Final Entry of Amended Proposed Individual Awards Lists (ECF No. 109, Amended Joint Mot. Final Approv.). The Court conducted a Fairness Hearing using Zoom videoconference technology on Friday, December 3, 2021, at which counsel for Plaintiff and Defendants appeared and spoke. The Court further heard testimony from ten objectors to the proposed Individual Awards Lists, as well as one Claimant who had not filed an objection.

Having considered the written submissions and the oral presentations to the Court at the Fairness Hearing on December 3, 2021, the Court GRANTS the Parties' Joint Motion for Final Entry of Amended Proposed Individual Awards Lists, and GRANTS the Parties' Amended Joint Motion for Final Entry of Amended Proposed Individual Awards Lists.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff United States of America commenced this action against Defendants State of Michigan and Michigan Department of Corrections (MDOC) on June 13, 2016, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII), and filed an amended complaint on July 27, 2016. (ECF No. 6, Amended Complaint.) The Amended Complaint alleges that Defendants

engaged in two discriminatory employment practices, in violation of Sections

703(a), 706, and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-5, 2000e-6:

> (1) designation of four Non-Housing correctional officer (CO)
> assignments (Food Service, Yard, Property Room, and Electronic
> Monitor) at Women's Huron Valley Correctional Facility (WHV)
> as "female-only" positions; and
>
> (2) transfer practices that prevented female COs from transferring
> from WHV on terms that were applicable to male COs.

(Amended Compl., PageID.40-44.) The United States' case was based on charges of

discrimination against Defendants that were timely filed with the Equal Employment

Opportunity Commission (EEOC) by 28 Charging Parties. (*Id.* PageID.30-32.)[1]

After substantial litigation, including extensive fact and expert discovery, the

Parties reached a settlement, and on June 3, 2021, following a fairness hearing, the

Court entered as final the Parties' Settlement Agreement at ECF No. 90-1. (ECF No.

96, Opinion and Order.) Under the terms of the Settlement Agreement, Defendants

will pay a total of $750,000 in monetary relief. Most of this money will be distributed

to eligible female COs for alleged emotional injury caused by the transfer freeze. A

portion of that money will be paid to the 28 Charging Parties as service awards for

their help in bringing this case. The service awards will be in addition to the money

---

[1] The "Charging Parties" are the 28 current and former WHV COs who filed charges
of discrimination with the United States Equal Employment Opportunity
Commission alleging that the MDOC had discriminated against them based on sex
because of its overly broad use of female-only work assignments and its transfer
freeze at WHV. (Settlement Agreement ¶ 5, PageID.2230.)

the Charging Parties are entitled to because of the harms caused by the transfer freeze. In addition to the monetary awards, Defendant will make 15 priority transfers of female COs who still work at WHV.

The eligibility criteria for individual relief is set forth in the Settlement Agreement. Under Paragraph 44 of the Settlement Agreement, a Claimant is eligible for monetary relief if she satisfies the following factors: (1) she is female; (2) but for a transfer freeze at WHV, she would have been eligible at any time between 2009 and the entry of the Agreement to transfer from a CO position at WHV to a CO position at another MDOC facility; (3) she experienced one of the following at any time between 2009 and the entry of the Agreement: (a) submitted transfer requests to transfer from WHV but was not permitted to transfer because of the transfer freeze; or (b) would have submitted transfer requests to transfer from WHV but for the transfer freeze; and (4) she was harmed by the inability to transfer from WHV because of the transfer freeze. (Settlement Agreement ¶ 44, PageID.2245-2246.) To be eligible for priority transfer consideration, Paragraph 45 provides that a Claimant must satisfy the above criteria and must also be currently assigned to WHV as a CO. (*Id.* ¶ 45, PageID.2246.)

The United States determined individual eligibility for relief based on the information provided by the individual Claimants on the Interest-in-Relief Forms they submitted, as well as employment information provided by Defendants,

including dates of employment at WHV and dates of hire by MDOC. The Interest-in-Relief Form, including the information it sought from Claimants, was approved by the Court as part of the Settlement Agreement. (Settlement Agreement, PageID.2286-2292.) A Claimant was determined to be eligible for relief if: (1) she indicated on her Interest-in-Relief Form that (a) she wanted to transfer out of WHV; (b) that the transfer freeze impeded her ability to transfer, either after unsuccessfully submitting transfer requests or by deterring her from requesting a transfer; and (c) that she was harmed by the inability to transfer; and (2) if she was eligible to transfer during at least one day of her tenure at WHV.

The method for determining individual monetary relief awards is also set forth in the Court-approved Settlement Agreement. As required by Paragraph 72, the United States' proposed distribution of the $750,000 settlement fund first allocates service awards to the twenty-eight Charging Parties, then allocates the remaining amount of the settlement fund among all Claimants eligible for monetary relief, taking into account the duration of time each Claimant was eligible to transfer as a CO while working at WHV. (Settlement Agreement ¶¶ 21-22, 72 PageID.2233, 2256.) To comply with the Settlement Agreement, the United States relied on information provided on a Claimant's Interest-in-Relief Form, in combination with her employment information, to determine the number of days within her CO tenure during which she would have been eligible to transfer out of WHV but for the

transfer freeze. A CO was eligible to transfer from one MDOC facility to another if: she was no longer a probationary employee, that is, she was no longer in her first year of employment with MDOC; she had no discipline on her record for the preceding two years; and, she had not voluntarily transferred within the previous twelve months. The United States determined the amount of monetary relief due to each eligible Claimant by calculating the proportional value of monetary relief per day, multiplied by the number of days she was eligible to transfer out of WHV. Accordingly, those eligible Claimants who were eligible to transfer for the same duration of time will receive the same monetary relief award.

On September 1, 2021, pursuant to the terms of the Settlement Agreement, the United States moved the Court to schedule a Fairness Hearing on Individual Awards to consider the accompanying Proposed Individual Awards Lists. (See ECF Nos. 97, 97-1, 97-2.) The Proposed Monetary Awards List identified all Claimants who submitted an Interest-in-Relief Form and whom the United States determined to be eligible to share in the monetary settlement, as well as the amount of money the United States determined should be awarded to each Claimant. (See ECF No. 97-1.) The Proposed Priority Transfer Claimant List identified all Claimants whom the United States determined to be eligible for consideration for priority transfer. (See ECF No. 97-2.) The Court granted the United States' motion and scheduled the Fairness Hearing on Individual Awards for December 3, 2021. (ECF No. 99.)

After September 1, 2021, an additional eleven Claimants submitted Interest-in-Relief Forms, seeking to participate in the settlement. The United States assessed the eleven Interest-in-Relief Forms and determined that good cause existed to accept the forms submitted by six of the eleven Claimants. Of the six Claimants with good cause, the United States determined that four are eligible for the monetary relief sought. The Parties included these four additional eligible Claimants on the Amended Proposed Monetary Awards List at ECF No. 103-1.

As required by the terms of the Settlement Agreement, the United States sent written notification of the United States' proposed eligibility determinations to all Claimants, including the eleven with Interest-in-Relief Form submissions after September 1, 2021. This notification also provided them with an opportunity to object to their determinations. A Claimant who wished to object to her proposed eligibility determination was instructed to submit an objection form to the United States by an identified deadline, which was typically thirty days after written notification was provided to the Claimant.[2]

On November 23, 2021, the Parties filed their Joint Motion for Entry of Amended Proposed Individual Awards Lists. (ECF Nos. 103, 104.) The Parties reported that 40 Claimants had submitted objections to the United States' proposed

---

[2] Seven Claimants who submitted Interest-in-Relief Forms significantly after September 1st and close in time to the instant Joint Motion were given ten days or fewer to object.

eligibility determinations. Thirty-nine Claimants submitted objections on or before their identified objection deadline, while one Claimant submitted her objection after her identified deadline. The Parties submitted the Claimants' 40 Objection forms and supporting documents to the Court, with each objector identified only by her Claimant ID number, as required by the Settlement Agreement. Fourteen of the 40 objectors requested to speak at the fairness hearing. (ECF Nos. 103-3, 103-4, 104.)

On December 2, 2021, Defendants filed a Notice of Additional Objections Received, attaching two objections received via electronic mail on December 1, 2021 from one Claimant who had previously submitted an objection that was addressed in the Parties' Joint Motion. (ECF No. 106, 106-1, 106-2.)[3]

On December 3, 2021, the Court held a fairness hearing using Zoom videoconference technology, at which counsel for Plaintiff and Defendants appeared and spoke. The Court further heard testimony from ten objectors to the proposed Individual Awards, as well as testimony from one Claimant who had not previously filed an objection.

Following the December 3, 2021 fairness hearing, the Parties filed a Joint Motion to Amend/Correct the Parties' Joint Motion for Final Entry of Amended

---

[3] On December 3, 2021, this Claimant filed a Motion to Correct Objections (ECF No. 108), which appears to be a continuation of her objections submitted to the Parties. The motion is granted and the Court will consider the objections, but finds that they fail to support this Claimant's eligibility for relief, and accordingly the objections are overruled.

Proposed Individual Awards List, notifying the Court that, after the fairness hearing, one Claimant submitted an Interest-in-Relief Form seeking to participate in the Settlement and requesting to receive monetary relief. (ECF No. 109.) The United States determined that the Claimant had good cause to excuse the late submission and that she is eligible for the monetary relief sought. (*Id.*) Accordingly, the Parties request that the attached Second Amended Proposed Monetary Awards List, distributing the $750,000 settlement fund to 295 eligible Claimants, replace the previously-filed Amended Proposed Monetary Awards List, at ECF No. 103-1, which would have allocated monetary awards to only 294 eligible Claimants.

## II. STANDARD OF REVIEW

Under the terms of the Settlement Agreement, the Court will determine which objections, if any, are well-founded after the fairness hearing. (Settlement Agreement ¶ 67, PageID.2254-55.) As explained above, the Court-approved Settlement Agreement sets forth the eligibility criteria for relief and method of determining the amount of monetary relief to be awarded. The Settlement Agreement also specifies the circumstances under which an objection will be considered well-founded: if a Claimant establishes that "the monetary relief does not correctly comply with the method for determining monetary relief awards set out in Paragraphs 44 and 72 or the proposed Priority Transfer relief does not comply with the standards set out in Paragraph 45." (Settlement Agreement ¶ 67.)

### III.   ANALYSIS

Following the notice and objection process described above, the Parties received 40 objections prior to November 23, 2021, as well as two additional objections by one of the previous objectors before the December 3, 2021 fairness hearing. In addition, after the fairness hearing, the Parties received one Interest-in-Relief Form from a Claimant seeking to participate in the settlement, and the Parties determined that the Claimant was eligible for the monetary relief sought. The Parties contend that the objections generally fall within the following five categories.

### A.   Objections From Previously Ineligible Claimants Who Establish That They Are Eligible for Monetary Relief

Fifteen Claimants objected to the United States' determination that they are ineligible for monetary relief, and the United States determined that their objections should be sustained because their objections established that they meet the eligibility criteria requirements. Specifically, 12 Claimants indicated on their Interest-in-Relief Forms that they did not want to transfer out of WHV, but they established in their objections that they did want to transfer out of WHV while they were working there. (D-6, D-13, D-14, D-17, D-18, D-23, D-31, D-35, D-36, D-37, D-38, D-39, at ECF Nos. 103-4 and 104.) Accordingly, their objections establish that they are eligible for relief under the terms of the Settlement Agreement. The Court agrees that these objections should be sustained, and these Claimants are eligible for monetary relief, as set forth on the Second Amended Individual Awards List (ECF No. 109-1.)

Two Claimants indicated on their Interest-in-Relief Forms that they did not request to transfer out of WHV and that the transfer freeze did not deter them from seeking to transfer, but established in their objections that they were, in fact, deterred by the transfer freeze from requesting to transfer. (D-7, D-10 at ECF No. 103-4.) The Court agrees that these Claimants' objections establish that they meet the eligibility requirements set forth in the Settlement Agreement and that the objections therefore should be sustained, and these two Claimants are eligible for monetary relief, as set forth on the Second Amended Individual Awards List (ECF No. 109-1.)

Finally, one Claimant objects to the United States' determination that she was ineligible to transfer because she was a probationary employee during her tenure at WHV. Her objections, and the documentation she attached, indicate that she was in fact not on probation during her WHV tenure. (Ex. D-25, at ECF No. 104.) Defendants have confirmed that this Claimant was not on probation, and thus was eligible to transfer during her WHV tenure. The Court agrees that this Claimants' objection should be sustained, and that she is eligible for monetary relief, as set forth on the Second Amended Individual Awards List (ECF No. 109-1.)

## B.    Objections From Ineligible Claimants Who Fail To Establish that They Are Eligible For Relief

The Parties state that that four Claimants objected to the determination that they are ineligible for relief, but that their objections fail to establish that they meet

the eligibility requirements set forth in the Settlement Agreement. (D-2, D-28, D-24, D-40 at ECF Nos. 103-4, 104.) The Court agrees. Specifically, one Claimant objected and claimed that she was eligible to transfer and that her discipline would be removed from her file, but investigation by Defendants confirmed that the Claimant was on probation during her entire WHV tenure and thus ineligible to transfer, and that her discipline also rendered her ineligible to transfer. Another Claimant contended that her disciplinary record, which rendered her ineligible to transfer under the Agreement, was "fraudulent," but the Settlement Agreement does not provide claimants with an opportunity to re-litigate discipline imposed during their WHV tenure. A third Claimant indicated on her Interest-in-Relief Form that she did not want to transfer, did not request to transfer, was not deterred from transferring, and was not harmed by inability to transfer, and thus she was ineligible for relief under the terms of the Settlement Agreement. This Claimant's objection only suggested that she was complaining that Defendants separated her from state service in 2012, which does not change the eligibility determination. Finally, one Claimant, who was determined to be ineligible for priority transfer consideration because she is not currently employed as a CO at WHV, objected but does not contend that the United States is incorrect about her employment status. The Settlement Agreement provides that priority transfer consideration is limited to

current WHV COs, and thus this Claimant is ineligible for this relief.  The Court agrees that these objections should be, and are, overruled.

### C.   Objections From Eligible Claimants Regarding Their Proposed Monetary Relief Award Determinations

Five Claimants who were deemed eligible for relief nevertheless object to the amount of the United States' monetary relief award determinations. (D-1, D-22, D-24, D-30, D-34 at ECF Nos. 103-4, 104.) Three of those Claimants objected that their monetary award determinations were too small, or that the awards otherwise are not "fair" or "do not feel like justice." Two other Claimants object that the WHV tenure dates used to calculate their monetary relief awards are incorrect because the dates should not include only time worked at WHV or worked as a CO at WHV. However, these Claimants do not establish that their individual monetary relief awards do not comply with the terms of the Court-approved Settlement Agreement, which  provides a clear method for determining the amount of the monetary relief awards, and which expressly allocates monetary relief based on the duration of time eligible Claimants worked as COs at WHV and were unable to transfer. This Court previously addressed the individual relief provided by the Settlement Agreement and found that it is fair and provides substantial relief, and that the monetary relief was reached as a matter of compromise in this class action. Thus, the Court agrees that these objections should be and are overruled.

- 13 -

### D.   Objections to the Terms of the Settlement Agreement

The Parties state that seventeen Claimants objected to their individual relief awards, but that their objections were really objections to the terms of the Settlement Agreement, which have already been approved by the Court on June 3, 2021. (D-3, D-4, D-5, D-8, D-11, D-12, D-15, D-16, D-19, D-20, D-21, D-22, D-27, D-29, D-30, D-32, D-33 at ECF Nos. 103-4, 104.)  Specifically, sixteen Claimants object that their monetary relief awards do not adequately compensate them for the emotional and physical injuries they experienced as a result of not being able to transfer out of WHV, such as difficult working conditions, the impact on their personal lives from working extremely long hours and having to endure unreasonably long commutes, loss of time with their family, and wear and tear on their vehicles. As stated above, the method for determining monetary relief is set forth in the Court-approved Settlement Agreement, with monetary relief allocated based on the time each eligible Claimant spent working as a CO at WHV during which she was unable to transfer. The Settlement Agreement does not include an assessment of the extent of individual harm each Claimant alleges she experienced. The Court already has found that the Settlement Agreement is fair, reasonable and adequate, and that, looking at the totality of the relief provided, that the individual relief provided in that Agreement is fair and reasonable. *See Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("Undoubtedly, the amount of

the individual shares will be less than what some class members feel they deserve but, conversely, more than the defendants feel those individuals are entitled to. This is precisely the stuff from which negotiated settlements are made.").

One Claimant objects to not receiving a service award in addition to her monetary relief, but she is not identified as one of the 28 Charging Parties in the Settlement Agreement who filed charges of discrimination underlying the United States' lawsuit and who provided the United States with other assistance during the litigation. Although this Claimant also filed an EEOC charge against the MDOC (which was dismissed shortly after filing), this charge was not among the 28 charges referred by the EEOC, and the Parties represent that she did not assist the United States during the course of this litigation. Further, this Claimant had an opportunity to make this objection prior to the June 2021 fairness hearing on the terms of the Settlement Agreement, which listed the 28 Charging Parties, but she did not. Another Claimant objects that other claimants who never requested to transfer are receiving more monetary relief than she is. However, as discussed above, the Settlement Agreement plainly provides the eligibility criteria for Claimants seeking monetary relief, as well as the method for determining the amount of that relief. Finally, one Claimant objects that she is not *guaranteed* a priority transfer out of WHV. However, the Settlement Agreement provides that "priority transfer" is "a remedy to a Claimant that gives the Claimant a priority *in consideration* for

transferring from WHV to another MDOC facility." (Settlement Agreement ¶ 12, PageID.2231 (emphasis added).) The Settlement Agreement thus does not guarantee any claimant a priority transfer but rather sets out a process by which Defendants will evaluate those Claimants determined to be eligible for priority transfer consideration. Accordingly, these Claimants object to the substance of the already approved Settlement Agreement, and the Court agrees that these objections should be, and are, overruled.[4]

Finally, ten objectors appeared and addressed the Court at the December 2, 2021 Fairness Hearing. An additional Claimant, who had not filed an objection, also appeared and provided testimony. Those Claimants generally described their working conditions at WHV, including the extremely long hours they were required to work, often 16 hours or more a day, and the very long and sometimes dangerous commutes to work required as a result of their inability to transfer to a different MDOC facility closer to their home, with the accompanying cost of gas and wear and tear on their vehicles. They discussed the significant impact this had on their personal lives, their families' lives, their personal finances, and on their professional opportunities. Many complained that the monetary relief offered was wholly inadequate to compensate them for the harms they suffered as a result of their

---

[4] In addition, two Claimants submitted objection forms that fail to provide any basis for objecting to their eligibility determinations, and the Court agrees that such objections should be, and are, overruled.

inability to transfer out of WHV. As the Court noted in its prior Opinion and Order, it well notes the significant impact on the Claimants' lives, but concludes that the Settlement Agreement best remedies the situations described in the Amended Complaint. The Court finds that the individual awards set forth in the Second Amended Proposed Individual Awards List (ECF No. 109-1) and Proposed Priority Claimant Transfer List (ECF NO. 103-2) are consistent with the terms of that Settlement Agreement and that they should be entered.

## IV.   CONCLUSION

Upon consideration of all of the above, and having conducted an extensive Fairness Hearing on December 3, 2021, on the Final Entry of the Proposed Individuals Awards Lists, the Court **GRANTS** the Parties' Joint Motion for Final Entry of Amended Proposed Individual Awards Lists (ECF No. 103) and **GRANTS** the Parties' Joint Motion to Amend Parties' Joint Motion for Final Entry of Amended Proposed Individual Awards Lists (ECF No. 109.)

Accordingly, **IT IS ORDERED** that the Second Amended Proposed Monetary Awards List (ECF No. 109-1) and Proposed Priority Claimant Transfer List (ECF No. 103-2) are **APPROVED AND ENTERED** as final.

**SO ORDERED**

Date: December 13, 2021                    s/Paul D. Borman
                                           PAUL D. BORMAN
                                           United States District Judge